IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL DAILEY,

      Plaintiff,

v.                                                                                                  No. 1:25-cv-01133-WJ-JFR

CITY OF ALBUQUERQUE,
BARCELONA SUITES,
ANNA MARIE CHAVEZ,

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff filed a motion to proceed *in forma pauperis* using an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)" ("Short Form Application"). *See* Doc. 3, filed November 12, 2025. United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees because where the Short Form Application directs applicants to state the amount of income they received, Plaintiff wrote: "Self employment, cannott record compromised idenity and campaighn of retaliation affects future. By online/internet/w/a harassment." [sic] Short Form Application at 1. Judge Robbenhaar ordered Plaintiff to file a complete Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Long Form Application") and notified Plaintiff that failure to timely file a Long Form Application may result in denial of Plaintiff's motion to proceed *in forma pauperis*. *See* Order at 1-2, 6. Plaintiff did not file a Long Form Application by the December 8, 2025, deadline.

    Plaintiff asserted employment discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") using the form

"Complaint for Employment Discrimination" with 60 pages of EEOC forms, emails and other documents attached. *See* Doc. 1, filed November 12, 2025 ("Complaint"). Judge Robbenhaar identified the elements necessary to state claims for employment discrimination and retaliation and pursuant to the ADA, notified Plaintiff that the Complaint fails to state a claim because it does not give Defendants fair notice of the grounds upon which Plaintiffs are basing their claims, and explained that Plaintiff must describe what each Defendant did to him and what specific legal right Plaintiff believes each Defendant violated. *See* Order at 2-6. Judge Robbenhaar ordered Plaintiff to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* Order at 6. Plaintiff did not file an amended complaint by the December 8, 2025, deadline.

The Court dismisses this case without prejudice because Plaintiff has not paid the fee for instituting this case, has not complied with Judge Robbenhaar's Order to file a Long Form Application, and has not complied with Judge Robbenhaar's Order to file an amended complaint. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed November 12, 2025, is **DENIED.**

(ii) This case is **DISMISSED without prejudice.**

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

3